UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 14-0106 RS |
| | ) | |
| | ) | **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE** |
| v. | ) | |
| | ) | |
| DOMINIC RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant is charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following a hearing, the Court detained Defendant in May 2014 on the grounds that the government had shown by clear and convincing evidence that "no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person and the community." (Dkt. No. 9 at 1.) In support of its finding, the Court noted the following:

> 1) the serious nature of the proffered facts underlying the current charge the defendant is facing, namely, that the defendant went to the home of an individual he did not know, made threats and brandished a firearm , 2) the fact that the defendant

was on probation when he committed the instant offense , 3) the defendant's 2004 conviction for pimping a minor and the troubling facts underlying that conviction, including threats made by the defendant to the minor, and 4) that the defendant's father has refused to post property in support of his release.

(*Id.* at 2.)  Trial is scheduled for February 2015.

At a hearing held on November 7, 2014, Defendant moved for release based on a change in circumstances; namely, his father's willingness to sign on to an unsecured bond and the willingness of his friend Gregory Leonard to serve as an unsecured surety.   Due to Defendant's criminal record he is not eligible to reside in a halfway house. He thus seeks to reside where he was living before he was charged federally in the present case.

Upon consideration of the new facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. While the Court appreciates Mr. Leonard's offer to serve as a surety, the Court finds his commitment will not reasonably assure the safety of the community in light of his lack of assets and his criminal record. The Court likewise finds that Defendant's father's change of heart is not sufficient. When first interviewed by pretrial services in May 2012 he candidly noted that his relationship with his son "is not honest."   That fact has not changed.   Accordingly, his willingness to serve as an unsecured surety does satisfy the Court that Defendant can be released.

**SO ORDERED.**

Dated: November 7, 2014

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge